UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THOMAS CORROW,

               Plaintiff,

       -against-

P.O. JOHN D. WILLIAMS, Police Officer 67th PCT; P.O. NICHOLAS TSENTZELIS, #967741 Police Officer 67th PCT; 67TH PCT POLICE DEPT.; NYPD HOSPITAL NYC DEPT., NYPD Dept./HQ; NYC HOSPITALS SECURITY DEPT., Security Dept/HQ,

               Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-05971 (NRM) (LGD)

NINA R. MORRISON, United States District Judge:

*Pro se* Plaintiff Thomas Corrow, who is currently detained at the Nassau County Correctional Center, brings this action under 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons stated below, Plaintiff's claims against the 67th Police Precinct, and what Plaintiff refers to as the NYPD Hospital NYC Dept., and the NYC Hospitals Security Dept., are dismissed for failure to state a claim upon which relief may be granted. Plaintiff's claims against Officer John D. Williams and Officer Nicholas Tsentzelis will proceed.

1

## BACKGROUND

Plaintiff claims that on August 24, 2025, at approximately 21:26 hours, he was at the emergency department at Brookdale Hospital when he was tackled, cuffed, and beaten by officers from the New York City Police Department and hospital security. ECF No 1 at 4. Following the incident, Plaintiff alleges that he was taken to the 67th Precinct and then to Kings County Hospital. *Id.* He states he sustained a broken nose, broken ankle, injured hand, and bruised ribs as a result of the altercation.[1] Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson*

---

[1] The Court notes that the Complaint includes a letter to the Director of Internal Affairs for the New York City Department of Correction, *see* ECF No 1 at 6–11, in which Plaintiff describes an alleged assault by a Captain at Rikers Island. Because Plaintiff has raised these same allegations against the same Captain in a separate pending complaint, *see Corrow v. DOC, et al.*, No. 25-cv-05953 (NRM), and because that Captain is not named as a Defendant in this action, the Court declines to address those allegations here.

*v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to providing sufficient factual matter to state a plausible claim for relief, the plaintiff must, pursuant to Rule 8 of the Federal Rules of Civil Procedure, provide a short, plain statement of the claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (citation modified). To satisfy this standard, the complaint must, at a minimum "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. Similarly,

3

under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

## DISCUSSION

### I. Plaintiff's Claims Pursuant to 42 U.S.C. § 1983

Plaintiff brings his claims under Section 1983, which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

### A. Plaintiff's Claims against the 67th Police Precinct

4

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. This provision has been construed to mean that plaintiffs must sue the City of New York where they allege their rights have been violated by New York City departments and agencies, such as the New York City Police Department. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Morales v. Doe*, No. 25-CV-4170, 2025 WL 2106598, at *1 (S.D.N.Y. July 28, 2025) (noting that DOC is not a suable entity). Accordingly, Plaintiff's claim against the DOC is dismissed, as the only entity that may be sued for the agency's conduct is the City of New York. *See* 28 U.S.C. § 1915A.

### B. Plaintiff's Claims against the Hospital Defendants

Plaintiff names "NYC Hospitals, NYPD Dept." and "NYC Hospitals Security Dept." as Defendants. To the extent that Plaintiff intends to name Brookdale Hospital as a Defendant, he is informed, that in general, private hospitals are not proper § 1983 defendants because they do not act under color of state law. *White v. St. Joseph's Hosp.*, 369 Fed. App'x 225, 226 (2d Cir. 2010) (summary order). Brookdale is a private hospital, and Plaintiff offers no facts to suggest that Brookdale meets the state action requirement of § 1983. *See Powell v. New York City Police Dept.*, No. 18-CV-332, 2020 WL 5116233, at *2 (E.D.N.Y. Aug. 31, 2020) (dismissing claims against Brookdale Hospital because plaintiff failed to allege that defendant was acting under color of state law); *see also Sanders v. Sheppard*, No. 16-CV-6526,

2019 WL 13405420, at *6 (E.D.N.Y. Sept. 30, 2019) (noting that plaintiff cannot state a § 1983 claim against Brookdale because neither Brookdale nor its employees are state actors whose conduct can fairly be attributed to the state); *Hall v. Brookdale U. Hosp. and Med. Ctr.*, No. 18-CV-3290, 2018 WL 3421453, at *2 (E.D.N.Y. July 12, 2018).

Similarly, to the extent that Plaintiff seeks to bring an action against a private security company operating inside a private hospital, the security company is not generally considered a state actor. *See Cooper v. City of New York*, No. 14-CV-3698, 2016 WL 4491719, at *5 (E.D.N.Y. Aug. 25, 2016) ("Conclusory statements that the hospital defendants acted jointly with the City defendants, or that they were in contact with one another, are not enough to establish . . . liability."). Accordingly, Plaintiff's claims against "NYC Hospitals, NYPD Dept." and "NYC Hospitals Security Dept." are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's allegations concerning the use of excessive force by the named officers from the New York City Police Department will proceed.

## **CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis*, is dismissed against the 67th Police Precinct, the NYPD Hospital, NYC Dept., and the NYC Hospitals Security Dept., for failure to state a claim. *See* 28 U.S.C. §§ 1915A; 1915(e)(2)(B)(ii). Summonses shall not be issued for these Defendants, and the Clerk of Court is directed to terminate these Defendants from the action.

Plaintiff's claims against Police Officer John D. Williams, #98138, and Police Officer Nicholas Tsentzelis, # 967741, both alleged to be Officers at the 67th Police Precinct, located at 2820 Snyder Avenue, Brooklyn, NY 11226, shall proceed.

The Clerk of Court shall issue a summons, and the United States Marshals Service is directed to serve the summons, Complaint, and this Order upon Police Officer John D. Williams, #98138, and Police Officer Nicholas Tsentzelis, # 96774, without prepayment of fees.

The Clerk of Court is respectfully requested to mail a copy of this Order and the complaint to the Corporation Counsel for the City of New York, Special Federal Litigation Division and a copy of this Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. See *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:   November 17, 2025
         Brooklyn, New York